**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Guillermo Moquete, Arcenio Burgos, Christian Uceta Dominguez, Jose Castillo, and Jose Estrella Guerrero, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-CV-6374 |
| | **COMPLAINT** |
| Plaintiffs, | |
| – vs. – | |
| PRB Realty Corp., Adonai Realty L.P., FR Real Estate Development L.P., K.D.A. Realty Owner L.P., Jaidyn Realty Housing Development Funding Corporation, and Elsie Ortiz, | |
| Defendants. | |

Plaintiffs Guillermo Moquete, Arcenio Burgos, Christian Uceta Dominguez, Jose Castillo, and Jose Estrella Guerrero, by and through their undersigned attorneys, for their complaint against defendants PRB Realty Corp., Adonai Realty L.P., FR Real Estate Development L.P., K.D.A. Realty

Owner L.P., Jaidyn Realty Housing Development Funding Corporation, and Elsie Ortiz, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants PRB Realty Corp., Adonai Realty L.P., FR Real Estate Development L.P., K.D.A. Realty Owner L.P., Jaidyn Realty Housing Development Funding Corporation, and Elsie Ortiz, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to compensation under the New York Labor Law for defendants' violation of the Wage Theft Prevention Act.

3. Plaintiff Jose Estrella Guerrero further alleges that he is entitled to compensation for (i) wages paid at

less than the statutory minimum wage under the New York Labor Law, and (ii) liquidated damages pursuant to New York Labor Law for these violations.

4.  Plaintiffs Jose Castillo and Jose Estrella Guerrero further allege that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; and (ii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

5.  Plaintiffs are each adult individuals residing in the Bronx, New York.

6.  Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

7.  Upon information and belief, defendant PRB Realty Corp. is a New York corporation with a principal place of business at 1158 Intervale Ave., Bronx, New York.

8.  Upon information and belief, defendant Adonai Realty L.P. is a New York limited partnership with a principal place of business at 1158 Intervale Ave., Bronx, New York.

9.   Upon information and belief, defendant FR Real Estate Development L.P. is a New York limited partnership with a principal place of business at 1158 Intervale Ave., Bronx, New York.

10.   Upon information and belief, defendant K.D.A. Realty Owner L.P. is a New York limited partnership with a principal place of business at 1158 Intervale Ave., Bronx, New York.

11.   Upon information and belief, defendant Jaidyn Realty Housing Development Funding Corporation is a New York corporation with a principal place of business at 1158 Intervale Ave., Bronx, New York.

12.   At all relevant times, defendants PRB Realty Corp., Adonai Realty L.P., FR Real Estate Development L.P., K.D.A. Realty Owner L.P., and Jaidyn Realty Housing Development Funding Corporation (collectively, the "PRB defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Upon information and belief, at all relevant times, the PRB defendants have had gross revenues in excess of $500,000.00.

14. Upon information and belief, at all relevant times herein, the PRB defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

15. At all relevant times, the PRB defendants shared common ownership and management, common offices and personnel, and operated for a common business purpose.

16. Upon information and belief, at all relevant times, the PRB defendants have constituted a single "enterprise" as defined in the FLSA.

17. Upon information and belief, defendant Elsie Ortiz is the owner or a part owner and principal of the PRB defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Defendant Elsie Ortiz was involved in the day-to-day operations of the PRB defendants and played an active role in managing the business.

19. For instance, Elsie Ortiz hired and fired the plaintiffs and set their pay.

20. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

21.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

23.  Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a group of individuals defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 10, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were building superintendents and/or porters, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24.  The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as building superintendents and/or porters, and were denied payment at the statutory minimum wage and/or

were denied premium overtime pay for hours worked beyond forty hours in a week.

25. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

26. Plaintiffs and the Collective Action Members perform or performed the same primary duties, and were subjected to the same policies and practices by defendants.

27. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

28. At all relevant times herein, the PRB defendants owned and managed residential properties in New York – primarily in the Bronx and Brooklyn – including buildings in the Bronx located at the addresses identified in Paragraph 34 of this Complaint.

29. Mr. Moquete was employed by the PRB defendants from approximately March 2012 through January 2016.

30. Mr. Burgos was employed by the PRB defendants from approximately August 2013 through February 2016.

31. Mr. Uceta Dominguez was employed by the PRB defendants from approximately March 2013 through January 2016.

32. Mr. Castillo was employed by the PRB defendants from approximately January 2010 through October 2015.

33. Mr. Estrella Guerrero was employed by the PRB defendants from approximately August 2014 through January 2016.

34. Plaintiffs were each employed as building superintendents and/or porters, responsible for three or more buildings simultaneously, as follows:

    a. Mr. Moquete was assigned to perform building superintendent and porter duties at 1142 Franklin Avenue, 584 E. 167th Street, and 1125 Boston Road. (Collectively, the "Moquete Buildings").

    b. Mr. Burgos was assigned to perform building superintendent duties at 1039 Intervale Ave., 1036 Intervale Ave., and 1118 Southern Boulevard. (Collectively, the "Burgos Buildings").

    c. Mr. Uceta Dominguez was assigned to perform building superintendent duties at 797 E. 170th

Street, 635 East 169th Street, and 915 Prospect Avenue. (Collectively, the "Uceta Buildings").

    d. Mr. Castillo was assigned to perform building superintendent duties at 1254 Franklin Avenue, 612 E. 168th Street, 1233 Boston Road, and 605 E. 168th Street. (Collectively, the "Castillo Buildings"), except that from 2013 through 2014, he was assigned to supervise the work of superintendents at approximately 50 buildings.

    e. Mr. Estrella Guerrero was assigned to perform porter duties at 936 Home Street, 1208 Southern Blvd., 1146 Bryant Ave., 1160 Hoe Ave., 1163 Hoe Ave., 1159 Fox Street, and 1166 Simpson Ave. (Collectively, the "Estrella Guerrero Buildings").

35. Plaintiffs performed the normal duties of building superintendents and porters, such as cleaning and maintaining the buildings, taking out the trash and separating the recyclables, and performing repairs for tenants.

36. When Mr. Castillo was a supervisor, he traveled to each of the buildings assigned to him on a daily basis to verify that the superintendents and porters were keeping the buildings clean and maintained, and that the

superintendents and porters were completing the repairs assigned to them; in addition, he routinely assisted the superintendents and porters in making the repairs.

37. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities; when Mr. Castillo was a supervisor, he did not play any role in hiring or firing employees, setting their pay or hours, or making any business decisions.

38. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

39. Plaintiffs regularly worked seven days per week, as follows:

    a.  Mr. Moquete: On Monday through Friday, he worked ten to eleven hours each day, and on Saturdays and Sundays, he worked roughly 4½ hours each day.

    b.  Mr. Burgos: On Monday through Friday, he worked roughly twelve hours each day, and on Saturdays and Sundays, he worked roughly six hours each day.

c.  Mr. Uceta Dominguez: On Monday through Friday, he worked roughly eleven hours each day, and on Saturdays and Sundays, he worked roughly four hours each day.

d.  Mr. Castillo: On Monday through Friday, he worked roughly twelve hours each day, and on Saturdays and Sundays, he worked roughly two hours each day; he worked these hours both as a superintendent and as a supervisor.

e.  Mr. Estrella Guerrero: On Sunday through Friday, he worked roughly twelve hours per day, and on Saturdays, he worked roughly eight hours.

40. As a result, plaintiffs routinely worked in excess of sixty hours each week of their employment with the PRB defendants.

41. The PRB defendants did not provide a time clock, computer punch, timesheets, or any other method for employees to track their time worked.

42. However, defendants were aware of the hours plaintiffs were working because plaintiffs routinely complained to their supervisors about the number of hours they had to work.

43. Plaintiffs were paid, biweekly, on a salary basis throughout their employment, at the following rates:

a. Mr. Moquette was paid $400 per week for roughly the first two years of his employment, and $450 per week thereafter.

b. Mr. Burgos was paid $300 per week for roughly the first year of his employment, and $400 per week thereafter.

c. Mr. Dominguez was paid $350 per week throughout his employment.

d. Mr. Castillo was paid $450 per week when he was a superintendent; when he was a supervisor he was paid $700 per week.

e. Mr. Estrella Guerrero was paid $400 per week throughout his employment.

44. In addition to the above salaries, plaintiffs were each paid an additional $50/month, purportedly to compensate them for a portion of their utility bills.

45. As a result, plaintiffs' effective rate of pay was generally below the statutory federal minimum wage in effect at relevant times, except with respect to Mr. Castillo when he was a supervisor.

46. Mr. Estrella Guerrero's effective rate of pay was also below the statutory New York minimum wage in effect at relevant times.

47. Defendants' failure to pay plaintiffs an amount at least equal to the federal minimum wages in effect during relevant time periods was willful, and lacked a good faith basis.

48. Defendants' failure to pay Mr. Estrella Guerrero an amount at least equal to the New York minimum wage in effect during relevant time periods was also willful, and lacked a good faith basis.

49. In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA; this omission also violated Mr. Castillo's rights under the New York Labor Law, and the supporting New York State Department of Labor regulations, during the time period when he was a supervisor, and violated Mr. Estrella Guerrero's rights under the New York Labor Law, and the supporting New York State Department of Labor regulations.

50. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

51. Plaintiffs were paid by check, and received paystubs. However, these stubs were not compliant with the New York Labor Law in that they did not list regular or overtime hourly rates, regular or overtime hours worked, or

any allowances claimed, nor did they contain information about the pay periods covered or contact information for the employer.

52. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain plaintiffs' signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

53. Defendants failed to provide plaintiffs with accurate, compliant weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

54. Throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) as building superintendents and porters, in positions that required little skill, no capital investment, and with duties and responsibilities

that did not include any managerial responsibilities or the exercise of independent judgment.

55. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

56. Defendants have likewise failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and (for porters) the New York Labor Law.

57. These other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and (for porters) the New York Labor Law.

58. Upon information and belief, these other individuals were not provided with required annual or accurate, compliant weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

59. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide

accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act — Minimum Wage)

60. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

62. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

63. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

66. Mr. Estrella Guerrero repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, Mr. Estrella Guerrero was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated the rights of Mr. Estrella Guerrero by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

69. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to defendants' New York Labor Law violations, Mr. Estrella Guerrero is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III

### (Fair Labor Standards Act - Overtime)

71. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their lawful regular rates of pay for work performed in excess of forty hours per workweek, defendants

have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

76. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law – Overtime)**

77. Plaintiffs Jose Castillo and Jose Estrella Guerrero repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, Mr. Castillo and Mr. Estrella Guerrero were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated Mr. Castillo's rights during the 2013-2014 time period, and Mr. Estrella

Guerrero's rights throughout his employment, by failing to pay them overtime compensation at rates at least one-and-one-half times their lawful regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 141.

80. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81. Due to defendants' New York Labor Law violations, Mr. Castillo and Mr. Estrella Guerrero are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(New York Labor Law – Wage Theft Prevention Act)**

82. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84. Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

85. Defendants willfully violated plaintiffs' rights by failing to provide them with compliant wage statements/paystubs required by the Wage Theft Prevention Act at any time during their employment.

86. Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

87. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  Compensatory damages for failure to pay the
    minimum wage pursuant to the FLSA;

e.  A compensatory award of unpaid compensation, at
    the statutory overtime rate, due under the FLSA
    and, for Mr. Castillo and Mr. Estrella Guerrero,
    under the New York Labor Law also;

f.  Compensatory damages for failure to pay the
    minimum wage to Mr. Estrella Guerrero pursuant
    to the New York Labor Law;

g.  An award of liquidated damages as a result of
    defendants' willful failure to pay the statutory
    minimum wage and overtime compensation pursuant
    to 29 U.S.C. § 216;

h.  Liquidated damages for defendants' New York
    Labor Law violations;

i.  Statutory damages for defendants' violation of
    the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment
    interest;

    m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    n.  Such other, further, and different relief as this Court deems just and proper.

Dated:  August 9, 2016

_____
David Stein (DS-2119)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of PRB Realty and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de PRB Realty y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


_____
Guillermo Moquete


Date: July 21, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of PRB Realty and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de PRB Realty y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_Arcenio m Burgos_
Arcenio Burgos

Date: June 15, 2016

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of PRB Realty and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de PRB Realty y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Christian Uceta Domínguez

Date: June 15, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of PRB Realty and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de PRB Realty y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


X _____
　　　Jose Castillo


Date: June 20, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of PRB Realty and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de PRB Realty y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


_____
Jose Estrella Guerrero


Date:  August 1, 2016